UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/4/11

WOMEN'S INTEGRATED NETWORK, INC.,

Plaintiff,

v.

U.S. SPECIALTY INSURANCE COMPANY,

Defendant.

08-CV-10518(LAP)

OPINION AND ORDER

LORETTA A. PRESKA, Chief District Judge,

Women's Integrated Network, Inc. ("WIN" or "Plaintiff") brings this motion for reconsideration of Judge Stephen Robinson's August 11, 2010, Opinion and Order (the "Order") granting U.S. Specialty Insurance Company's ("USSIC" or "Defendant") motion for judgment on the pleadings dismissing WIN's complaint.[1] For the following reasons, Plaintiff's motion for reconsideration is DENIED.

The Court presumes familiarity with the facts outlined in the Order and will not restate them here. Motions for reconsideration are strictly evaluated and generally are "denied

---

[1] In support of its motion for reconsideration, Plaintiff filed a declaration and two affidavits. However, Local Civil Rule 6.3 provides that "[n]o affidavits shall be filed by any party unless directed by the court." When a party submits an affidavit in violation of Local Rule 6.3, "'the appropriate remedy is to strike the affidavit and disregard it.'" Fidelity Info. Servs., Inc. v. Debtdomain GLMS PTE Ltd. No. 09 Civ. 7589, 2010 WL 3469910, at *1 (S.D.N.Y. Aug. 24, 2010)(quoting Ralph Oldsmobile Inc. v. General Motors Corp., No. 99 Civ. 4567, 2001 WL 55729, at *2 (S.D.N.Y. Jan. 23, 2001). Accordingly, the Court will not consider them.

1

unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); accord In re M/V Rickmers Genoa Litig., 643 F. Supp. 2d 553, 555 (S.D.N.Y. 2009). However, "[a] party may not re-litigate an already decided issue on a motion for reconsideration," id., because a mere disagreement with the Court's legal determination is not a valid basis for reconsideration, United States v. Kerik, 615 F. Supp. 2d 256, 276 n.27 (S.D.N.Y. 2009). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

Plaintiff fails to proffer any controlling decisions or new facts that Judge Robinson overlooked. Rather, Plaintiff argues that Judge Robinson failed correctly to apply the law to the insurance policy at issue. WIN makes two principle arguments. First, that the Court failed to apply properly a California state case, August Entertainment, Inc. v. Philadelphia Indemnity Insurance Co., 146 Cal. App. 4th 565 (Cal App. 2d 2007), in holding that contractual damages were uninsurable. Second, that the Court failed to read the Insuring Agreement accurately

2

because coverage for these types of damages is expressly included under the agreement.

Neither of Plaintiffs' arguments is persuasive. As to the first argument, Plaintiff asserts that the Court overlooked, or misinterpreted, two California state cases, including August, and a case from the Court of Appeals for the Ninth Circuit. Judge Robinson cites to August in the Order, and, more importantly, these cases are not controlling in this Court. See Shub v. Westchester Cmty Coll., No. 06 Civ. 8324, 2008 WL 1957731, at *2 (S.D.N.Y. Apr. 28, 2008) (citing Ades v. Deloitte & Touche, 843 F. Supp. 888, 892 (S.D.N.Y. 1994)) ("Controlling decisions include decisions from the United States Court of Appeals for the Second Circuit; they do not include decisions from other circuits or district courts, even courts in the Southern District of New York."). There is no dispute that New York law governs here, and the Court applied New York law. Therefore, these cases do not provide a basis to overturn the Court's legal determination.

WIN's second argument asserts that Judge Robinson misinterpreted the plain language of the Insuring Agreement. This is likewise improper on a motion for reconsideration. Plaintiff may not re-litigate the same arguments he offered on the original motion. See Shrader, 70 F.3d at 257. WIN fails to submit any new facts or controlling law; rather, Plaintiff

challenges Judge Robinson's analysis and reading of the Insuring Agreement. The Court will not re-litigate the merits of the underlying dispute on a motion for reconsideration.

Accordingly, WIN's motion for reconsideration is denied. The Clerk of Court is directed to mark all pending motions denied as moot.

SO ORDERED.

Dated:   April 4, 2011
         New York, New York

*Loretta A. Presley* (signature)

LORETTA A. PRESKA
CHIEF U.S.D.J.